GRANT T. BURGOYNE (ISB # 3846)
MAUK & BURGOYNE
515 So. 6th Street
Post Office Box 1743
Boise, Idaho 83701-1743
(208) 345-2654
(208) 345-2668 (fax)

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CECILY VAUGHN,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO ATHLETIC CLUB, INC., an Idaho corporation,<br><br>    Defendant. | Case No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

For her complaint against Defendant, Plaintiff states her claims for relief as follows:

**INTRODUCTION**

1. This is an action for damages and other relief brought by Plaintiff against Defendant for its knowing, willful and repeated violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and the Idaho wage claim law, Idaho Code §§ 45-601, *et seq.* Over an extended period of time, Defendant refused to pay Plaintiff for time worked, for meetings and other activities that it required her to attend and/or participate in, and overtime wages for overtime hours she worked in applicable weeks.

**JURISDICTION**

2. This Court has subject matter jurisdiction over Plaintiff's federal law claims

**COMPLAINT AND DEMAND FOR JURY TRIAL – P. 1**

pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and pendent jurisdiction over her state law claim, pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as Defendant is incorporated under the laws of Idaho; Defendant has its principal place of business in Ada County, Idaho; the events and omissions giving rise to the claims herein occurred substantially or entirely in said county and state; and Defendant may be found in said county and state.

4. This Court has personal jurisdiction over the Defendant.

## THE PARTIES

5. Plaintiff is an individual who has, at all times relevant, resided in Canyon County, Idaho.

6. Defendant is a corporation which, at all times relevant, has existed under the laws of the State of Idaho, and has had its principal place of business in Ada County, Idaho.

7. The wrongful acts and omissions of Defendant's agents and employees are imputable to Defendants under principles of *respondent superior*, principal and agent, ratification and/or Defendant's encouragement of the wrongs described herein.

## STATEMENT OF FACTS

8. Plaintiff was employed by Defendant as a personal trainer from in or about December 2003 until on or about November 7, 2005.

9. While employed by Defendant, Defendant knowingly and willfully failed to pay Plaintiff for time worked, for meetings and other activities that it required her to attend and/or participate in, and overtime wages for overtime hours she worked in applicable weeks.

COMPLAINT AND DEMAND FOR JURY TRIAL – P. 2

10. Although Defendant knew that Plaintiff was entitled to be paid wages beyond what it actually paid her, it did not so inform Plaintiff, and it actively concealed from Plaintiff her entitlement to such additional wages.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

11. Paragraphs 1 through 10 are incorporated herein as if here set forth in full.

12. Defendant is an entity subject to the Fair Labor Standards Act.

13. Plaintiff is entitled to the protections of the Fair Labor Standards Act.

14. Defendant's refusal to pay Plaintiff for time worked, for meetings and other activities that it required her to attend and/or participate in, and overtime wages for overtime hours she worked in applicable weeks constituted a violation of the Fair Labor Standards Act.

15. Plaintiff is entitled to damages, and liquidated damages equal to such damages, in such amounts as will be proven at trial.

## COUNT II

### VIOLATION OF THE IDAHO WAGE CLAIM LAWS

16. Paragraphs 1 through 15 are incorporated herein as if here set forth in full.

17. Defendant is an entity subject to the Idaho wage claim laws.

18. Plaintiff is entitled to the protections of the Idaho wage claim laws.

19. Defendant's refusal to pay Plaintiff for time worked, for meetings and other activities that it required her to attend and/or participate in, and overtime wages for overtime hours she worked in applicable weeks constituted a violation of the Idaho wage claim laws.

20. Plaintiff is entitled to damages and treble damages penalties, in such amounts as will be proven at trial.

## ATTORNEY FEES

21. As a consequence of Defendant's conduct as described in this Complaint, Plaintiff has retained the services of the law firm of Mauk & Burgoyne, and has incurred, and will continue to incur, attorney fees to protect her interests and prosecute her claims. Plaintiff is entitled to recover her attorney fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and the Idaho wage claim law, Idaho Code § 45-615, and/or such other principles or provisions of law as may be applicable.

## PRAYER

WHEREFORE, Plaintiff requests the following relief:

1. Entry of judgment in favor of the Plaintiff and against the Defendant on each of the claims in this Complaint;

2. Damages awards in favor of Plaintiff and against Defendant in such amounts as will be proven at trial on each of the claims in this Complaint;

3. Attorney fees and costs of suit; and

4. Such other and further relief as may be appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues in this case.

DATED this 5th day of May, 2005.

MAUK & BURGOYNE

_____
Grant T. Burgoyne - Of the firm
Attorneys for Plaintiff

GTB/01035

**COMPLAINT AND DEMAND FOR JURY TRIAL – P. 4**